a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME RASHAD BENAMON #19802-043, Petitioner | CIVIL DOCKET NO. 1:25-CV-01420 SEC P |
| VERSUS | JUDGE EDWARDS |
| AMY M BOULWARE ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) and Emergency Motion to Expedite (ECF No. 2) filed by pro se Petitioner Jerome Rashad Benamon ("Benamon"). Benamon is imprisoned at the Federal Correctional Institution in Pollock, Louisiana. He challenges the legality of his imprisonment.

Because the Court lacks jurisdiction, the Petition should be DISMISSED WITHOUT PREJUDICE, and the Emergency Motion to Expedite DENIED as MOOT.

I. Background

Benamon was convicted of assaulting a postal service driver and brandishing and discharging a firearm during the assault. *United States v. Mobley*, 839 F. App'x 937 (5th Cir. 2021). He was sentenced to 180 months of imprisonment and four years of supervised release. *Id.* The conviction and sentence were affirmed. *Id.*

Benamon alleges that he is a "living man of flesh and blood," and "a private ecclesiastical national of the Benamon lineage estate." ECF No. 1 at 2. He asserts that the order committing him to the custody of the Bureau of Prisons is "facially deficient because it is not properly executed and lacks a sworn affidavit establishing lawful grounds for confinement." ECF No. 1 at 3. He alleges that "bonds and securities were created, traded, and monetized in his name without knowledge or consent." *Id.*

II. <u>Law and Analysis</u>

A § 2241 petition and a § 2255 motion "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary mechanism to collaterally attack a federal conviction and sentence, and a § 2255 motion must be filed in the sentencing court. *Id.* Section 2241 is the proper method to challenge the execution of a sentence, and a § 2241 petition must be filed in the district of incarceration. *Id.* "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Id.* at 452.

Benamon's challenge to the "commitment order" necessarily challenges the judgment of conviction and sentence. A prisoner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the savings clause of § 2255(e). *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). It is the petitioner's burden to affirmatively show that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. *Reyes–Requena v.*

*United States*, 243 F.3d 893, 901 (5th Cir. 2001). The petitioner must establish that his claim: (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 904. Benamon fails to meet this burden, as he presents no retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense.

Additionally, claims like Benamon's, that he is a "living man of flesh and blood" and "private ecclesiastical national of the Benamon lineage," are like those made by individuals claiming to be sovereign citizens. Courts have made clear that sovereign citizen defenses have "no conceivable validity in American law. . . ." *Risby v. United States*, 3:23-CV-2799, 2025 WL 2176693, at *2 (N.D. Tex. May 30, 2025), *report and recommendation adopted*, 2025 WL 2174506 (N.D. Tex. July 31, 2025) (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (internal quotation marks omitted)). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *Id.* (quoting *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (summarily rejecting as frivolous "theories of individual sovereignty, immunity from prosecution, and their ilk" and collecting cases) (quotations omitted)).

### III. Conclusion

Because Benamon challenges his conviction and sentence but does not meet the requirements of the savings clause, IT IS RECOMMENDED that the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and the Emergency Motion to Expedite (ECF No. 2) be DENIED as MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, December 3, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE